UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Esin E. Arakas, | ) | |
| | ) | C/A No.: 4:14-cv-457-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff files this appeal pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("the Act") to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the claim for disability insurance benefits ("DIB"). The two issues before the court are whether the Commissioner's findings of fact are supported by substantial evidence and whether she applied the proper legal standards. For the reasons that follow, the court remands the Commissioner's decision.[1]

### I.  RELEVANT BACKGROUND

**A.     Procedural History**

On April 22, 2010, the Plaintiff filed an application for DIB alleging disability since November 11, 1996. The claim was denied initially and upon reconsideration. A hearing was held by an Administrative Law Judge ("ALJ") on June 15, 2012. At the hearing, Plaintiff, through her representative amended her alleged onset date of disability to January 1, 2010. The ALJ found in a

---

[1]This appeal from a denial of social security benefits is before the court for a final order pursuant to 28 U.S.C. § 636(c), Local Civil Rule 73.01(B) (D.S.C.), and the Honorable Timothy M. Cain's September 25, 2014, order referring this matter for disposition. Entry # 21. The parties consented to the undersigned United States Magistrate Judge's disposition of this case, with any appeal directly to the Fourth Circuit Court of Appeals.

decision dated August 28, 2012, that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action on February 21, 2014, in the United States District Court for the District of South Carolina.

**B.**     **Plaintiff's Background and Medical History**

### 1.     Introductory Facts

Plaintiff was born on January 1, 1960 and was 50 years old at the time of the alleged onset. (Tr. 31). Plaintiff has past relevant work experience as a dining room manager, a real estate worker, and a caterer. Plaintiff alleges disability due to fibromyalgia with chronic pain, fatigue, and sleep disturbance; osteoarthritis; degenerative disc disease of the cervical spine; carpal tunnel syndrome; degenerative joint disease of both knees and depression and attention deficit hyperactivity disorder (ADHD). (Pl. Brief 2-4)

### 2.     Medical Records and Opinions

#### a.     Records before the ALJ

The parties have both provided a thorough review of the medical evidence before the ALJ in this case in their respective briefs. The Court dispenses with a lengthy recitation thereof here, and instead will note relevant facts and records.

#### b.     Evidence Submitted to the Appeals Council

By correspondence dated November 30, 2012, Plaintiff's counsel submitted to the Appeals Council, inter alia, a November 15, 2012 "treating source statement" from Dr. Frank E. Harper and a post hearing brief for inclusion in the administrative record. (Tr. 229-34, 503).

**C.     The ALJ's Decision**

In the decision of August 28, 2012, the ALJ found the following:

1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since January 1, 2010, the amended alleged onset date (20 CFR 404.1571, *et seq*.).

3. The claimant has the following severe impairment: fibromyalgia (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for up to 6 hours each in an 8-hour workday. The claimant can frequently push and pull with the upper extremities. She can occasionally climb stairs but she can never climb ladders. The claimant can frequently balance and occasionally stoop, crouch, kneel and crawl. Additionally, she can perform frequent fine and gross manipulation and fingering skills. She can perform only occasional overhead reaching with the right upper extremity. The claimant must avoid extreme cold, unprotected heights and hazards.

6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565).

7. The claimant was born on January 1, 1960 and was 50 years old, which is defined as an individual closely approaching advanced age, on the amended alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

3

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, from January 1, 2010, through the date of this decision. (20 CFR 404.1520(g)).

(Tr. 22-32).

**D.     Appeals Council Review**

The Appeals Council denied Plaintiff's request for review in a notice dated December 23, 2013. (Tr. 1–6). It indicated that it considered the reasons that Plaintiff disagreed with the ALJ's decision and the additional evidence Plaintiff submitted. (Tr. at 1). It determined that the new evidence did not provide a basis for changing the ALJ's decision. Id. at 1-2.

## II. DISCUSSION

The Plaintiff argues that the ALJ erred in her decision, and, inter alia, that remand in this case is warranted pursuant to Meyer v. Astrue, 662 F.2d 700 (4th Cir. 2011). Specifically, Plaintiff raises the following arguments in her brief, quoted verbatim:

I.    New and material opinion evidence from the treating rheumatologist Dr. Harper which was submitted to the Appeals Council requires reversal and remand for administrative findings of fact .

II.   The ALJ committed reversible error by giving "little weight" to the opinion of the treating rheumatologist Dr. Harper by failing to follow controlling legal standards for the evaluation of medical opinions, and for the evaluation of fibromyalgia under SSR 12-2p.

      III.      The ALJ committed reversible error by finding that fibromyalgia was the only severe impairment at step two of the sequential evaluation and by failing to consider the combined effects of all the impairments.

(Plaintiff's brief).

The Commissioner argues that the ALJ's decision was based on substantial evidence, that the ALJ properly assessed Dr. Harper's medical opinion of record, and that remand under Meyer is not required in this case.

**A.**     **LEGAL FRAMEWORK**

      **1.**     **The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. See, e.g., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or

equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d) (5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy

---

[2]The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); see Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3]In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir.2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir.1981); see generally Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. See id.; Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Walls, 296 F.3d at 290 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." Vitek v. Finch, 438 F.2d 1157, 1157–58 (4th Cir.1971); see Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir.1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390, 401; Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. See Vitek, 438 F.2d

at 1157–58; see also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

**B.     ANALYSIS**

One of the issues raised by Plaintiff concerns evidence submitted to the Appeals Council that was not before the ALJ. By way of background, the Court notes that Plaintiff has received ongoing treatment from rheumatologist Dr. Frank Harper beginning in 1996. (Tr. 279-379, 391-94, 417-19, 490-501). By letter dated June 15, 2012, which was submitted at the hearing level, Dr. Harper expressed the following opinion in response to written questions from Plaintiff's attorney:

> I am a physician currently board certified in rheumatology and internal medicine practicing full-time in Mount Pleasant, South Carolina and having been in practice since 1984, previously serving on the faculty of MUSC, Department of rheumatology for 4 years.
>
> Ms. Arakas has been under my care for many years carrying the diagnosis of fibromyalgia syndrome. Fibromyalgia is a chronic neuropathic pain disorder involving the musculature of neck, shoulders, hips and lower back that causes symptoms of persistent chronic muscular pain, loss of muscle flexibility, reduction in endurance and extreme fatigue.
>
> The diagnosis of fibromyalgia in this patient has been made in accordance with the diagnostic criteria of the American College of Rheumatology. Laboratory studies and x-rays have revealed degenerative arthritic changes of the cervical spine, EMG-nerve conduction studies confirming the diagnosis of right carpal tunnel syndrome, and x-rays suggesting a right internal knee derangement in addition to the aforementioned problem of fibromyalgia.
>
> It is my opinion that Ms. Arakas is unable to sustain full-time work activity of 8 hours per day, 5 days a week and has been unable to do so since January 2010.
>
> Should you need any further information, please do not hesitate to contact me.
>
> (Tr. 502)

The ALJ had the benefit of Dr. Harper's June 15, 2012 letter, to which he gave little weight. The ALJ discounted Dr. Harper's opinion noting that the determination of whether an individual is disabled is an issue reserved to the Commissioner. The ALJ further concluded that Dr. Harper's opinion was not consistent with the treatment notes of record.

The additional evidence submitted to the Appeals Council in this case consists of correspondence dated November 15, 2012 from Dr. Harper which provides as follows:

> This is a letter to respond to your recent inquiry regarding Esin Arakas. I am aware of her recent denial for disability benefits. I have reviewed the grounds cited for rejection and would categorically disagree with the court's opinion. Review of cervical spine films reveal clear evidence for degenerative disc disease, but more importantly, clear evidence of chronic cervical spasm which has been associated with chronic pain that has been so disabling for the patient. As fibromyalgia typically is not associated with laboratory abnormality, one would not expect x-ray or laboratory evidence to confirm or refute the existence of the illness. Degenerative disc disease and carpal tunnel syndrome are comorbid conditions which aggravate long-standing fibromyalgia and would be considered as additional problems.
>
> In my opinion, based on my knowledge of the patient, our many attempts at interventions in terms of physiotherapy and medication, that she is sufficiently unreliable to sustain work even at a light exertional level full time since January 2010. The necessity for taking hydrocodone ordinarily would impair anyone with a cognitive skill that was required in the work place. This was not sufficiently reasonable ground to reject Ms. Arakas's testimony.
>
> In my opinion, prescription medications in this patient does impair her concentration sufficiently to prevent her from attending to tasks for 20% or more of an 8-hour workday or 5 hour work week and this has been a reality since January 2010. Fibromyalgia is clearly associated with chronic cognitive dysfunction and medications required to treat the illness that include high doses of tricyclic antidepressant (imipramine 125 mg), Adderall 20 mg b.i.d. and Ambien 5-10 mg q.h.s. would be expected to interfere with any patient's cognitive function. Imipramine has been the only drug therapy that she has been able to tolerate and has significant side effects of sedation, weight gain, sluggishness and daytime somnolence.
>
> Should you need any further information, please do not hesitate to contact me.

(Tr. 503-504).

Plaintiff asserts that this evidence is both new and material, such that remand pursuant to Meyer v. Astrue, 662 F.3d 700 (4th Cir.2011) is warranted. In Meyer, the Fourth Circuit held that the Appeals Council is not required to articulate its rationale for denying a request for review. Id. at 707. The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. Once the ALJ renders a decision, the claimant is permitted to submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. § 404.968, 404.970(b). This new evidence is then made part of the record. The regulations, however, do not require the Appeals Council to expressly weigh the newly produced evidence and reconcile it with previously produced evidence before the ALJ. Instead, the Appeals Council is required only to make a decision on whether to review the case and, if it chooses not to grant a review, there is no express requirement that the Appeals Council weigh the newly produced evidence. Meyer v. Astrue, 662 F.3d 705–06.

As the Fourth Circuit addressed in Meyer, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. Meyer held that as long as the newly presented evidence is uncontroverted in the record or all of the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. Id. at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder "to reconcile that [new] evidence with the conflicting and supporting evidence in the record." Id. Remand is necessary because "[a]ssessing the

10

probative value of competing evidence is quintessentially the role of the fact finder." Id. See also Green v. Astrue, 2013 WL 267626 (D.S.C. Jan. 24, 2013).

In this case, the ALJ concluded that Plaintiff had the RFC to perform limited light work. The ALJ stated in her decision that "[a]lthough the claimant has alleged minimal side effects from the use of her medications, the medical records do not corroborate those allegations." (Tr. 29). The ALJ also stated that "while the claimant was diagnosed with fibromyalgia, the claimant's treating rheumatologist, Frank E. Harper, M.D., never noted the claimant's number of trigger points, nor was the claimant's pain level noted in the treatment notes." Id. In formulating the RFC and ultimately concluding that Plaintiff was not disabled, the ALJ relied on these findings with regards to Plaintiff's ability to sustain full time work activity of 8 hours per day 5 days a week. The Appeals Council denied Plaintiff's request for review but did not weigh the newly provided medical evidence consisting of Dr. Harper's November 15, 2012 opinion. Although Dr. Harper's June 2012 opinion submitted to the ALJ addressed the issue of Plaintiff's ability to sustain full-time work in a conclusory fashion, it did not offer any specific basis for this conclusion.[4] However, Dr. Harper's November 2012 letter expressed the opinion that prescription medications impaired concentration sufficiently to prevent Plaintiff from attending to tasks for 20% or more of an 8 hour workday since January 2010. (Tr. 503). The vocational expert testified at the hearing that impairment of concentration and attention of 20% of a workday (presumably on a daily basis) would preclude all work as generally performed in the national economy. (Tr. 70). Dr. Harper also noted that "review

---

[4]The Court has carefully considered the Commissioner's position that Dr. Harper's November 15, 2012 letter is not new evidence based on its view that it is cumulative and repetitive of the opinion Dr. Harper expressed in the letter which was before the ALJ. The Court does not find this position to be persuasive as discussed above.

11

of cervical spine films reveal clear evidence for degenerative disc disease, but more importantly, clear evidence of chronic cervical spasm which has been associated with chronic pain that has been so disabling for the patient." Additionally, Dr. Harper's November 2012 letter which was submitted to the Appeals Council expresses the opinion that Plaintiff " is sufficiently unreliable to sustain work even at a light exertional level full time since January 2010." (Tr. 503).  Dr. Harper's previous opinion did not specifically address Plaintiff's maximum exertional capacity. (Tr. 502). Since the evidence in this case is not "one-sided" and the newly offered opinion, presented for the first time to the Appeals Council, is in conflict with other evidence relied upon by the ALJ,  "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Meyer, 662 F.3d at 707.  Accordingly, the Court concludes that remand is appropriate so that the new evidence can be weighed and reconciled by the fact finder.

As the court finds remand necessary for the reasons outlined above, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ. Upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error.  It is possible that the ALJ's consideration of the issue discussed above and the opportunity to consider Plaintiff's position on the other issues raised herein may render Plaintiff's remaining allegations of error moot. See Boone v. Barnhart, 353 F.3d 203, 211 n. 19 (3d Cir.2003) (remanding on a particular ground and declining to address claimant's additional arguments).

### III.  CONCLUSION

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four

of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **REMANDED** to the Commissioner for further administrative action as set out above.

**IT IS SO ORDERED.**

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

September 23, 2015
Florence, South Carolina